### No. 95

No. 18312. SEYMOUR B. GOODKIND v. FLORENCE M. GOODKIND
Error to the Court of Appeals of Franklin County
Filed in the Supreme Court, Jan. 11, 1924

### 413. DIVORCE AND ALIMONY.

Action for divorce and alimony commenced in the Common Pleas of Lucas county by Florence M. Goodkind against Seymour M. Goodkind. The parties are hereinafter referred to as plaintiff and defendant as they appeared in the trial court.

Petition was filed in the Common Pleas April 14, 1923, and on the same day a paper, purporting to be a summons in divorce, was served on defendant. Defendant was, at that time, a resident of Miami, Florida, but happened to be in the City of Toledo on that day.

Defendant filed a motion to quash the service of summons, claiming same to be defective and insufficient. Motion was granted by Common Pleas.

The Court of Appeals reversed the Common Pleas.

Defendant is now asking the Supreme Court to order the Court of Appeals to certify its record, claiming error to the Court of Appeals as follows:

1. The purported summons herein does not "Notify the defendant that he has been sued and must answer at a time stated therein, or the petition will be taken as true and judgment rendered accordingly," as provided in 11281 GC.

2. It does not command the Sheriff of Lucas county, Ohio, to serve upon the defendant a copy of the petition, at least six weeks before the hearing of the cause as provided in 11983 GC.

3. That 11983 GC. only provides for service upon the defendant when he is a resident of the State.

Defendant also claims that the question presented by this motion is of great public interest. That, as a matter of fact, each county in the State has its own form of summons, used by the clerks, in divorce and alimony cases.

Attorneys—Cotter & McFellin, Toledo, for Seymour B. Goodland; Southard, Rowe & Williams, Toledo, for Florence M. Goodkind.

### No. 96

No. 18331. McLAIN et al v. P. U. C.
Error to the Athens County Common Pleas
Motion Filed in the Supreme Court Jan 21, 1924. 2 Abs. 83.
118. AUTO BUS LINES.

The case is a consolidation of five different applications for certificates of Convenience and Necessity. The Commission denied the certificates on the ground that it would interfere with the business of the Scioto Valley Railway and Power Company between Columbus and Chillicothe and with the Steele Bus Line between Chillicothe and Portsmouth. The admitted facts are that these applicants began to operate June 16, 1923, between Columbus and Chillicothe and extended their route June 21, 1923, to Portsmouth, so that the operation at the time that the Collister-Freeman Law became effective on July 28, 1923, was an actual and existing one, having been permitted by the Commission as of June 16, 1923, between Columbus and Chillicothe, and July 21, 1923, as between Columbus and Portsmouth, under time schedules and tariffs filed with and permitted by the Commission. The Commission in its decision failed to take into consideration the fact that the operation began before the law went into effect.

Protest against the applications were made by the Traction Company and the Bus Lines. The Traction Company's tracks between Columbus and Chillicothe are from one mile to two and one-half miles east of the route over which the applicants were and are operating and the route of the applicants touches the tracks of the Traction Company but three times in a distance of 47 miles. The route is known as State Route No. 4 and is an improved highway. The proof showed that passengers were and are riding upon the vehicles of the applicants and that sometimes the demand is so great for service that extra vehicles must be pressed into service. The rates of fare are the same as those charged by the Traction Company, same having been fixed by the Commission. The Commission in its decision states, "The operating revenues (of the Traction Co.) have shown that diminution which indicates the opening of a new trend, which, if not arrested, will lead to disaster." The Commission further stated that "such certificates shall not be granted until it is developed that the existing facilities (electric traction facilities in this case) do not and cannot be made to furnish adequate service."

The position of plaintiff's attorney is that the Motor Transportation Law, House Bill 474, provides an additional means of transportation upon the highways of this State and that it does not give the Commission power to decide what effect, if any, such additional transportation may or may not have upon rail carriers. The highways of the state belong to the public and that public has the right of selection of its own means of transportation and that the Commission cannot deny the public of their preference

The Supreme Court on January 31, 1924, suspended the order of the Commission until the case could be decided by the court.

Attorneys—John F. Carlisle, for McLain; C. C. Crabbe, Atty. Gen., and John W. Bricker, (all of Columbus), for P. U. C.